1
2
3
4
5
6
7

8                   UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DENNIS PETILLO, JR.,                    No.  2:21-cv-01471 AC

12                    Plaintiff,

13          v.                                ORDER

14    CSP SAC NEW FOLSOM PRISON,

15                    Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18    § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19    proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21    § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23    §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                           1

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2  § 1915(b)(2).

3          I.          Screening Requirement

4          The court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

17  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

18  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

19  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

20  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

21  this standard, the court must accept as true the allegations of the complaint in question, Hosp.

22  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

23  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

24  McKeithen, 395 U.S. 411, 421 (1969).

25          II.          Allegations in the Complaint

26          In a barely discernible hand-written complaint, plaintiff lists various dates and times that

27  police officers, prison officials, medical providers, and even his father made statements that

28  constitute terrorist threats.  He also checks the boxes on the form for claims involving basic

2

necessities, disciplinary proceedings, excessive force by an officer, mail, property, threat to safety, medical care, and retaliation.  The only remedy that plaintiff seeks is to have these individuals fired from their jobs.

III.    Legal Standards

A.    Linkage Requirement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

B.    Joinder of Claims and Parties

A plaintiff may properly assert multiple claims against a single defendant in a civil action. Fed. Rule Civ. P. 18.  In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  However, unrelated claims against different defendants must be pursued in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  Id.

/////

3

C. <u>Threats and Verbal Insults</u>

Plaintiff is informed that mere threats or verbal insults which include vulgar language normally do not amount to an actionable Eighth Amendment claim.  See <u>Somers v. Thurman</u>, 109 F.3d 614, 622 (9th Cir. 1997) ("the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons" of which "we do not approve," but which do not violate the Eighth Amendment); <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam) (it "trivializes the Eighth Amendment to believe a threat constitutes a constitutional wrong.").

IV.    <u>Analysis</u>

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Cmty. Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

4

1    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

2    complaint be complete in itself without reference to any prior pleading.  This is because, as a

3    general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

4    F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

5    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

6    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

7         V.     Plain Language Summary for Pro Se Party

8         Since plaintiff is acting as his own attorney in this case, the court wants to make sure that

9    the words of this order are understood.  The following information is meant to explain this order

10   in plain English and is not intended as legal advice.

11        The court has reviewed the allegations in your complaint and determined that they do not

12   state any claim against the defendants.  Your complaint is being dismissed, but you are being

13   given the chance to fix the problems identified in this screening order.

14        Although you are not required to do so, you may file an amended complaint within 30

15   days from the date of this order.  If you choose to file an amended complaint, pay particular

16   attention to the legal standards identified in this order which may apply to your claims.

17        In accordance with the above, IT IS HEREBY ORDERED that:

18        1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

19        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

20   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

21   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

22   Director of the California Department of Corrections and Rehabilitation filed concurrently

23   herewith.

24        3.  Plaintiff's complaint is dismissed.

25        4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

26   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

27   Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

28   assigned this case and must be labeled "Amended Complaint"; failure to file an amended

5

1    complaint in accordance with this order will result in a recommendation that this action be

2    dismissed.

3    DATED: December 13, 2023

4

                                                     ALLISON CLAIRE
5                                                    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28