1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  DENNIS PETILLO, JR., | No.  2:21-cv-1471 AC P |
| 12                Plaintiff, | |
| 13        v. | ORDER AND |
| 14  CSP SAC NEW FOLSOM STATE PRISON, | FINDINGS AND RECOMMENDATIONS |
| 15 | |
| 16                Defendant. | |

17

18         Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983

19  without a lawyer.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

20  U.S.C. § 636(b)(1).  Currently pending before the court is plaintiff's first amended complaint.

21      I.      Statutory Screening of Prisoner Complaints

22         The court is required to screen complaints brought by prisoners seeking relief against "a

23  governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A

24  claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

25  Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on

26  an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S.

27  at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

28  arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

                                          1

1    In order to avoid dismissal for failure to state a claim a complaint must contain more than

2    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

3    of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

4    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

5    statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

6    court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

7    plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

8    inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When

9    considering whether a complaint states a claim, the court must accept the allegations as true,

10   Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most

11   favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

12   II.    Factual Allegations in the First Amended Complaint

13   Plaintiff names the CIA Director as well as various other CIA officials as defendants in

14   his amended complaint.  He alleges a government conspiracy to kill, murder, and torture him by

15   "using witchcraft[,] mind control[,] and cross examinat[ion.]" ECF No. 10 at 3.  The remainder

16   of the amended complaint is incomprehensible to the court.

17   III.   Failure to State a Claim

18   Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that

19   plaintiff has failed to state any claim upon which relief may be granted against defendants.  The

20   allegations in the amended complaint are so vague and conclusory that they do not provide

21   adequate notice as to the particular actions of any defendant which constituted a violation of

22   plaintiff's rights.  Although the Federal Rules adopt a flexible pleading policy, a complaint must

23   give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev.

24   Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Additionally, the court cannot discern any facts

25   supporting plaintiff's allegations of a government conspiracy to harm him.  For all these reasons,

26   the undersigned finds that plaintiff's amended complaint does not state any valid claim for relief

27   against defendants.

28   ////

1    IV.    No Leave to Amend

2        Leave to amend should be granted if it appears possible that the defects in the complaint

3    could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31

4    (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint

5    cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United

6    States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

7        It appears to the court that further amendment of this case would be futile because the

8    deficiencies have not been cured despite being given prior leave to amend.  Therefore, the

9    undersigned recommends that the amended complaint be dismissed without further leave to

10    amend.  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th

11    Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to

12    allow futile amendments).

13    V.    Plain Language Summary for Pro Se Party

14        Since plaintiff is acting as his own attorney in this case, the court wants to make sure that

15    the words of this order are understood.  The following information is meant to explain this order

16    in plain English and is not intended as legal advice.

17        It is being recommended that your amended complaint be dismissed without leave to

18    amend because the court cannot discern any facts supporting your claims for relief.

19        If you disagree with this recommendation, you have 21 days to explain why it is not the

20    correct result.  Label your explanation as "Objections to Magistrate Judge's Findings and

21    Recommendations."  The district judge assigned to your case will make the final decision in your

22    case.

CONCLUSION

24        In accordance with the above, IT IS HEREBY ORDERED that the Clerk of Court

25    randomly assign this matter to a district court judge.

26        IT IS FURTHER RECOMMENDED that:

27        1. Plaintiff's first amended complaint be dismissed for failing to state a claim and that

28    further leave to amend be denied.

3

1       2.  The Clerk of Court be directed to close this case.

2           These findings and recommendations are submitted to the United States District Judge

3   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

4   after being served with these findings and recommendations, any party may file written

5   objections with the court and serve a copy on all parties.  Such a document should be captioned

6   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

7   objections shall be served and filed within fourteen days after service of the objections.  The

8   parties are advised that failure to file objections within the specified time may waive the right to

9   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  DATED: October 28, 2024

11                                      _____
                                        ALLISON CLAIRE
12                                      UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28